■ In the Matter of EVANGELINE G. CAREY, Petitioner, v STATE OF NEW YORK TAX APPEALS TRIBUNAL et al., Respondents. [617 NYS2d 215] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property gains tax assessment imposed under Tax Law article 31-B.

This appeal centers on the reasonableness of respondent Tax Appeals Tribunal's determination that petitioner failed to sustain her burden of establishing exemption from real property gains tax on the sale of her cooperative apartment because the property "consist[ed] of premises occupied by [petitioner] as [her] residence" (Tax Law § 1443 [2]). Concluding that the determination of the Tribunal sustaining the Department of Taxation and Finance's assessment of real property gains tax in the amount of $136,224.64, including penalty and interest, was neither arbitrary nor capricious, we confirm.

At a hearing before an Administrative Law Judge, at which petitioner neither appeared nor offered any oral testimony, the following essential facts were established. In December 1982 petitioner bought a cooperative apartment in New York City for $1,050,000. She resided in the apartment until late 1985 and not thereafter. In 1985 petitioner listed the apartment for sale with several real estate brokers at listing prices ranging from $2,250,000 to $2,660,000. Petitioner sublet the apartment for a one-year period beginning April 15, 1986 and

received rent of $144,000. On her 1986 and 1987 income tax returns, petitioner listed the apartment with other income producing properties and took deductions for expenses and depreciation. Petitioner sold the apartment for $2,000,000 in January 1988.

The renting out of a personal residence prior to its sale will disqualify the transfer from the residential exemption of Tax Law § 1443 (2) unless "the transferor can establish that the personal residence was only temporarily rented while it was offered for sale" (20 NYCRR 590.25 [b]). In determining whether the property retained its residential character despite the temporary rental, the Department is to consider the existence of the following factors:

"(1) The property was not depreciated for Federal income tax purposes.

"(2) The property was only rented as a last resort due to the transferor's inability to sell the property because of the market conditions.

"(3) The terms of the lease are in accord with the transferor's intention to sell, *e.g.,* the lease allows the property to be shown to prospective purchasers.

"(4) No significant profit was realized from the rental.

"(5) No bona fide reasonable offers to buy have been received" (20 NYCRR 590.25 [b]).

Although it is undisputed that petitioner established the existence of the third and fourth factors, it is equally clear that she could not satisfy the first. As for the second and fifth factors, we agree with the Tribunal that the record fails to support any finding. Notably, petitioner offered no evidence concerning her intentions or the prevailing market conditions and the record establishes that she fixed an asking price that would permit her to double her investment in less than three years. Under the circumstances, the mere fact that she received no purchase offers fails to support a finding that she was compelled to resort to an interim lease or that *reasonable* offers could not have been obtained. For the same reason, we agree with the Tribunal that petitioner failed to establish facts similar to those present in *Bolaris v Commissioner of Internal Revenue* (81 TC 840, *mod* 776 F2d 1428) or *Clapham v Commissioner of Internal Revenue* (63 TC 505).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.